UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID LEE MOORE,
    Plaintiff,

vs.                                          Case No.: 3:21cv4821/MCR/EMT

MARK INCH, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff David Lee Moore, an inmate of the Florida Department of Corrections (FDOC) proceeding pro se, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1) and a motion to proceed in forma pauperis (ECF No. 2). Upon review of the Complaint, the court preliminarily determined that venue appeared to be improper and that the case should be transferred to the United States District Court for the Middle District of Florida (*see* ECF No. 4). The court issued an order directing Plaintiff to show cause why this case should not be transferred to the Middle District (*id.*). Plaintiff filed a Response stating he has no objection to the transfer (ECF No. 5).

Because it is apparent from the Complaint that venue is properly laid in the Middle District, and Plaintiff agrees, the undersigned recommends transfer of this

Page 2 of 4

case to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. §§ 1391(b), 1404.

Plaintiff names nine Defendants in this case, including Mark Inch, the former FDOC Secretary, and eight members of the correctional and medical staff at Suwannee Correctional Institution (ECF No. 1 at 1–3). Plaintiff claims the eight Suwannee C.I. Defendants violated his constitutional rights from June through August of 2021, when Plaintiff was housed at that institution (*id.* at 8–20). Plaintiff seeks to hold former Secretary Inch liable for the other Defendants' conduct on a failure-to-train theory (*id.* at 13–14). Plaintiff seeks declaratory and injunctive relief as well as and monetary damages (*id.* at 21).

Venue for civil actions is governed by 28 U.S.C. § 1391(b), which provides that a civil action may be brought in:

> (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . ; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id.* Furthermore, 28 U.S.C. § 1404 provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to

Case No.: 3:21cv4821/MCR/EMT

any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Such transfers may be made *sua sponte* by the district court, so long as the court first issues an order to show cause why the case should not be transferred, thereby affording the parties an opportunity to present their views on the issue. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (citation omitted); *see also* 28 U.S.C. § 1406(a) (directing a district court to dismiss or transfer an action to an appropriate venue if it determines that the action was filed in the wrong district).

Here, the addresses of eight of the nine Defendants—i.e., the eight members of the correctional and medical staff at Suwannee Correctional Institution—are in the Middle District of Florida.[1] Additionally, the acts or occurrences forming the basis of the Complaint occurred in the Middle District. Neither the private interests of the litigants nor the public interest in the administration of justice is even minimally advanced by venue being maintained in the Northern District. Therefore, this civil action should be transferred to the Middle District of Florida.

Accordingly, it is respectfully **RECOMMENDED**:

The clerk of court transfer this case to the United States District Court for the Middle District of Florida and close this case.

---

[1] Plaintiff lists Defendant Inch's address as the FDOC headquarters in Tallahassee, Florida (*see* ECF No. 1 at 2). However, Defendant Inch is no longer the FDOC Secretary, and no other address is provided.

Case No.: 3:21cv4821/MCR/EMT

At Pensacola, Florida, this 19th day of January 2022.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No.: 3:21cv4821/MCR/EMT